```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

WRIGHT MANUFACTURING, INC.      *

          Plaintiff             *

          vs.                   *   CIVIL ACTION NO. MJG-11-1373

THE TORO COMPANY, et al.        *

          Defendants            *

*      *      *      *      *      *      *      *      *
```

MEMORANDUM AND ORDER RE: MOTION TO DISMISS

The Court has before it Defendants' Motion to Dismiss Complaint [Document 13] and the materials submitted relating thereto. The Court has had the benefit of written arguments by counsel and finds a hearing unnecessary.

I.   BACKGROUND[1]

At all times relevant hereto, The Toro Company ("Toro") and Exmark Manufacturing Company, Inc. ("Exmark") (collectively, "Defendants") were engaged in the manufacture of lawn mowers and other agricultural equipment  Wright Manufacturing, Inc. ("Wright") is the sole holder of all relevant rights to United States Patent Nos. 6,438,931 ("the '931 patent") and 6,935,093

---

[1] The "facts" herein are as alleged by Plaintiff and are not necessarily agreed upon by Defendants.

("the '093 patent")(collectively, "the Patents"), both of which are continuations-in-part of United States Patent No. 6,205,753. The aforesaid patents relate to a self-propelled lawn mower with an allegedly novel deck lift system for raising and lowering the cutter deck assembly.

In the instant case, Wright sues Defendants for infringement of the Patents.  By the instant motion, Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2]

## II.  DISMISSAL STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint.  A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  While allegations need not be exactingly specific, they "must be enough to raise a right to relief above the speculative level."  Id.

For the purposes of ruling on a Rule 12(b)(6) motion, a court must assume that the facts presented by the plaintiff are

---

[2] All Rule references herein refer to the Federal Rules of Civil Procedure unless otherwise indicated.

true.  This assumption, however, excludes "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). Consequently, in order to "survive a motion to dismiss, a complaint must contain sufficient factual matter" as to provide the court with enough plausible evidence to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

 The Fourth Circuit has held that a complaint will survive a Rule 12(b)(6) motion when it states a plausible claim for relief.  Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).  However, this determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. (quoting Iqbal, 129 S. Ct. at 1950).

III. DISCUSSION

 The counts are, essentially, identical except for the identification of the patent at issue.

    A.    <u>DIRECT INFRINGEMENT</u>

        1.    <u>Direct Literal Infringement</u>

Form 18 of the Federal Rules of Civil Procedure provides a guide for a complaint sufficient to state a claim for direct, literal patent infringement. Fed. R. Civ. P. Form 18 (2011). Complaints that mirror the format set out in Form 18 are sufficient to survive a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>W.L. Gore & Assocs., Inc. v. Medtronic, Inc.</u>, 778 F. Supp. 2d 667, 675 (E.D. Va. 2011) ("[T]he Court agrees with the post-<u>Twombly</u> holding in <u>McZeal</u> [<u>McZeal v. Sprint Nextel Corp.</u>, 501 F.3d 1354 (Fed. Cir. 2007)] that a litigant who complies with the provisions of Form 18 has sufficiently stated a claim for direct infringement as contemplated by Rule 12(b)(6)."); Fed. R. Civ. P. 84 (2011) ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

Moreover, while a claim for direct patent infringement is comprised of five elements,[3] the plaintiff is not required to explicitly identify each element in its complaint. <u>McZeal</u>, 501

---

[3] Elements include "1) an allegation of jurisdiction; 2) a statement that the plaintiff owns the patent; 3) a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent'; 4) a statement that the plaintiff has given the defendant notice of its infringement; and 5) a demand for an injunction and damages." <u>McZeal</u>, 501 F.3d at 1357 (citing Fed. R. Civ. P. Form 16 [currently Form 18]).

4

F.3d at 1357 ("[A] plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patent.").  Courts have further concluded that the "notice" element of a direct infringement action is not essential to the sufficiency of a complaint.  See W.L. Gore & Assoc., Inc., 778 F. Supp. 2d at 676-77 (finding that notice need not be pleaded in a complaint because "[n]o notice requirement is found in 35 U.S.C. § 271(a)").

Direct infringement requires only that "whoever without authority makes, uses, offers to sell, or sells any patented invention" be held liable.  35 U.S.C. § 271(a).  No intent or knowledge of the infringement is required.  See id.

In the instant case, the Wright Complaint specifically alleges all of the required elements from Form 18:  jurisdiction (Compl. ¶ 7); patent ownership (Compl. ¶ 23); direct infringement (Compl. ¶ 27 & ¶ 37); and a demand for injunction and/or damages (Compl. Sec. VII).  Although not particularly specific, the allegations clearly identify the patents at issue, its ownership of the patents, and the lawnmower models that allegedly directly infringe.  This is adequate to establish a

plausible basis for a claim for direct, literal infringement under § 271(a).[4]

### 2. Direct Infringement by Doctrine of Equivalents

For present purposes it suffices to state in general (although not precise in light of more recent decisions) terms that "a patentee may . . . proceed against the producer of a device 'if it performs substantially the same function in substantially the same way to obtain the same result.'" Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, 608 (1950) (quoting Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 42 (1929)). The Supreme Court has stated that "application of the doctrine of equivalents . . . is akin to determining literal infringement, and neither requires proof of intent." Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co., 520 U.S. 17, 35 (1997).

There is a presently unresolved question whether, in light of Iqbal and Twombly, merely utilizing Form 18 will suffice to allege a § 271(a) claim for infringement by the doctrine of equivalents. See W.L. Gore & Assocs., Inc., 778 F. Supp. 2d at 675 (finding that "Form 18's continuing viability post Twombly and Iqbal in contexts other than literal infringement claims is

---

[4] All § references herein refer to Title 35 of the United States Code unless otherwise indicated.

an open question"); see also Colida v. Nokia, Inc., 347 Fed. Appx. 568, 571 n.2 (Fed. Cir. 2009) (noting that Form 18 "is not tailored to design patents and was last updated before the Supreme Court's Iqbal decision").

In the absence of either Federal Circuit precedent or a fair preponderance of district court decisions, the Court will find the Complaint, following Form 18, sufficient to state a plausible claim for infringement by the doctrine of equivalents.

B.   INDUCED INFRINGEMENT

One who "actively induces infringement of a patent" is liable under 35 U.S.C. § 271(b).  To prove an induced infringement case, a plaintiff must prove that the infringer had knowledge of the existence of the infringed patent to prove induced infringement.[5]  Global-Tech Appliances, Inc. v. SEB S.A., -- U.S. --, 131 S. Ct. 2060, 2068 (2011) ("We now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement.").  Thus, the Supreme Court interprets § 271(b) to require proof that an

---

[5] The elements of induced infringement are:  (1) direct infringement; (2) "knowledge of acts alleged to constitute infringement"; (3) "specific intent and action to induce infringement."  DSU Medical Corp. v. JMS Co., Ltd., 471 F.3d 1293, 1305 (Fed. Cir. 2006) (citations omitted).

7

inducer "persuade[d] another to engage in conduct that the inducer knows is infringement." Id.

In light of Iqbal and Twombly, claims under § 271(c) can no longer survive motions to dismiss solely on sufficient pleading of direct infringement, as in Tech. Patents, LLC v. Deutsche Telekom AG, 573 F. Supp. 2d 903, 922-23 (D. Md. 2008). Therefore, this Court agrees with the decision in Mike's Train House, Inc. v. Broadway Ltd. Imports, which required the plaintiff to include factual allegations sufficient to create a plausible claim of intent and knowledge. Civil No. JKB-09-2657, 2011 WL 856306, *8 (D. Md. Mar. 8, 2011).

Wright's intent and knowledge allegations are merely conclusory.  Wright alleges knowledge only through a broad statement that "Toro has known of [been aware of] [the patent] since at least 2008."  Compl. ¶ 34, 44.  More is required. See Bender v. Motorola, Inc., No. C 09-1245 SBA, 2010 WL 726739, *4 (N.D. Cal. Feb. 26, 2010) (finding that a complaint alleging that the Defendant "'performed acts . . . that infringe and induce others to infringe'. . . [was a] conclusory, fact-barren allegation [that] fail[ed] to state a claim for inducement to infringe under 35 U.S.C. § 271(b)") (citing ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd., 501 F.3d 1307, 1312 (Fed. Cir. 2007)).

8

Wright merely provides "[t]hreadbare recitals of the elements of a cause of action" that are inadequate. <u>Iqbal</u>, 129 S. Ct. at 1949.

### C.  CONTRIBUTORY INFRINGEMENT

Claims of contributory infringement under § 271(c) require a plaintiff to prove that the defendant had knowledge of the patent(s) he was infringing.  <u>See</u> <u>Aro Mfg. Co. v. Convertible Top Replacement Co.</u>, 377 U.S. 476, 488 (1964) ("§ 271(c) . . . require[s] a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing.").

Thus, Wright must sufficiently plead that the Defendants (1) offered to sell within the United States or imported into the United States a component of the patented machine; (2) for use in practicing a patented process, constituting a material part of the invention; (3) with knowledge that the invention was patented and that such use was infringing.  35 U.S.C. § 271(c).  Matched against these standards, the Complaint is inadequate.

While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Courts have generally required some factually supported allegations of knowledge in claims of contributory infringement.  See, e.g., Winn Inc. v. Eaton Corp., 272 F. Supp. 2d 968, 975, n.3 (C.D. Cal. 2003) (citing Hewlett-Packard Co. v. Bausch & Lomb, Inc., 909 F.2d 1464, 1468 (Fed. Cir. 1990) (arguing that "proof of a defendant's knowledge . . . that his activity cause[d] infringement was necessary to establish contributory infringement")(emphasis in original)).

Wright provides highly generalized statements concluding that Toro and Exmark are "aiding and causing distributors and/or dealers to sell and offer to sell mowers, including Grandstand [and Vantage] mowers, within the United States."  Compl. ¶ 39, 42.  This recitation parrots the required elements of a § 271(c) action without providing any factual setting.  See Twombly, 550 U.S. at 557 ("A statement of . . . conduct consciously undertaken needs some setting suggesting the agreement necessary to make out a . . . claim.").  Cf. Nielsen Co. (US), LLC v. comScore, Inc., No. 2:11cv168, 2011 WL 4937158, *12 (E.D. Va. Aug. 19, 2011) (finding a pleading of contributory infringement barely sufficient because Plaintiff "allege[d] that defendant 'has had actual knowledge and constructive notice of the [patent at issue] at all relevant times,' and provide[d] a concrete

example of an occasion on which defendant would have received such notice.")(emphasis added)).

IV.  CONCLUSION

For the foregoing reasons:

1. The Defendants' Motion to Dismiss Complaint [Document 13] is GRANTED IN PART.

2. All claims pursuant to 35 U.S.C. § 271(b) and (c) are dismissed.

3. Plaintiff may file a motion seeking leave to file an Amended Complaint pursuant to Rule 103.6 of the Rules of the United States District Court for the District of Maryland.

4. The Court shall set a deadline for the filing of any motion to amend following resolution of the pending motion seeking a stay of the instant case.

SO ORDERED, on Monday, December 12, 2011.

/s/
Marvin J. Garbis
United States District Judge